## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JENNIFER I. ZAMMIELLO,

                Plaintiff,

      v.                          Civil Action No.
                                      6:14-CV-1497 (DEP)

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

                Defendant.

_____

APPEARANCES:                  OF COUNSEL:

FOR PLAINTIFF

PETER M. HOBAICA, LLC        B. BROOKS BENSON, ESQ.
2045 Genesee Street
Utica, NY 13501

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN    FERGUS J. KAISER, ESQ.
United States Attorney for the     Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on November 18, 2015, during a telephone conference held on the record. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003. Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

ORDERED, as follows:

1)      Plaintiff's motion for judgment on the pleadings is GRANTED.

2)      The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3)      The matter is hereby REMANDED to the Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4)      The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

David E. Peebles
U.S. Magistrate Judge

Dated:      November 24, 2015
            Syracuse, NY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------x
JENNIFER I. ZAMMIELLO,

                              Plaintiff,

vs.                                6:14-CV-1497

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

                              Defendant.

-------------------------------------------x

        Transcript of a **Decision** held during a

Telephone Conference on November 18, 2015, at the

James Hanley Federal Building, 100 South Clinton

Street, Syracuse, New York, the HONORABLE DAVID E.

PEEBLES, United States Magistrate Judge, Presiding.

                A P P E A R A N C E S

                  (By Telephone)

For Plaintiff:        OFFICE OF PETER M. HOBAICA, LLC
                      Attorneys at Law
                      2045 Genesee Street
                      Utica, New York  13501
                        BY:  B. BROOKS BENSON, ESQ.

For Defendant:        SOCIAL SECURITY ADMINISTRATION
                      Office of Regional General Counsel
                      Region II
                      26 Federal Plaza - Room 3904
                      New York, New York  10278
                        BY:  FERGUS J. KAISER, ESQ.


            *Jodi L. Hibbard, RPR, CSR, CRR*
          *Official United States Court Reporter*
                *100 South Clinton Street*
              *Syracuse, New York  13261-7367*
                    *(315) 234-8547*

1          (The following is an excerpt from the

2           proceedings held on 11/18/2015.)

3          (In Chambers, Counsel present by telephone.)

4          THE COURT:  All right.  I have before me a request

5     for judicial review of the Commissioner's determination under

6     42 United States Code Section 405(g).

7          The background of the case is as follows:  The

8     plaintiff was born in March of 1974, she's currently 41 years

9     old, if my math serves me correctly.  She lives in Paris,

10    New York with her husband and three young daughters who were

11    12, 6, and 3 at the time of the hearing in this matter.  She

12    has an associate's degree in culinary arts.  She has various,

13    she has had various restaurant, bakery, and catering jobs

14    including working in a pizzeria between 2004 and 2011, owning

15    a bakery from March of 2011 until August of 2011, and working

16    part time for her aunt, who owns Florentine Pastry Shop in

17    Utica, between September 2011 and September 2012.

18          She was diagnosed in September of 2011 as suffering

19    from multiple sclerosis, that's at page 322.  She has been

20    treating since August 5th, 2011 with Dr. Lev Goldiner, she

21    has been on -- he is with the Slocum Dickson Medical Group.

22    She's been on Rebif, B12, vitamin D, and was on Ritalin.

23          She testified to flare-ups approximately every

24    three months.  In May of 2012, she spent five days on

25    steroids trying to recover from a flare-up.  In August 2012,

1   according to her, she had a flare-up that lasted between 14

2   and 18 days.  In December of 2012 through January 24, 2012

3   was her worst flare-up lasting approximately two months.

4   Some of the symptoms she testified to including -- include

5   loss of use and pain in right hand, right leg, fatigue.  She

6   sleeps between three and four hours during the day, some days

7   spends all day in bed.  She is right-hand dominant, by the

8   way.  She has pain and numbness and weakness in the right

9   arm, as I said, and she has tremors in her right hand.

10          She did undergo right shoulder surgery by Dr. John

11  Sullivan in September 2012.  That does not seem to be an

12  issue or related to her MS.

13          Procedurally, she applied for Disability Insurance

14  benefits in January 2012, alleging an onset date of

15  September 21, 2011.  A hearing was conducted in April 25,

16  2012 -- 13, I'm sorry, by Hortensia Haaversen,

17  H-a-a-v-e-r-s-e-n.  Judge Haaversen issued a decision on

18  May 20, 2013 finding that the plaintiff was not disabled at

19  the relevant times and therefore ineligible for benefits.

20          The Social Security Appeals Council, after being

21  presented with additional submissions which included 12F, an

22  exhibit, a letter from the treating physician Dr. Goldiner,

23  denied review of the determination in the standard format

24  that does not give specific reasonings other than general

25  statements.

1          The administrative law judge's decision, I have to

2     say, was very comprehensive, and in many respects thorough.

3     The administrative law judge went through the standard

4     five-step disability protocol, concluded that the MS was

5     indeed severe, but that she did not meet or equal medically

6     the listed -- listing Section 11.09 for MS which would have,

7     if she met that listing, she would be presumptively disabled

8     under the regulations.  After surveying the medical evidence,

9     the ALJ concluded that the plaintiff has the residual

10    functional capacity to perform light work with some

11    exceptions including, notably, that the claimant can

12    occasionally use the dominant right hand but has no other

13    limitations with the left hand.  There is no limitations

14    expressed with respect to fingering and fine motor activity.

15         The ALJ concluded that the plaintiff's testimony

16    concerning her limitations are not entirely credible.  He --

17    she rejected the opinions of Dr. Gould who provided a medical

18    assessment based on a one-time examination of the plaintiff,

19    literally the day before the -- conducted the day before the

20    hearing.  She also concluded that the state agency consultant

21    was entitled to weight based on her RFC finding.  She placed

22    less weight on the findings of Dr. Dennis Noia who

23    psychologically examined the plaintiff, great weight to the

24    opinions of Dr. Puri who examined the plaintiff in April of

25    2012, and we've discussed his findings, minimal weight to

1    Dr. Gould's opinion, concluded that plaintiff is unable to

2    perform any of her past relevant work, but after consulting

3    with both the grids as a framework and the testimony of a

4    vocational expert concluded that she is capable of performing

5    as an usher and as a counter clerk and that there are

6    sufficient number of jobs available in the national economy

7    in those positions and therefore the plaintiff is not

8    disabled.

9           The first argument that was raised is one that I

10   think is extremely interesting, I looked at extremely

11   carefully.  The argument is that there were direct opinions

12   provided by Dr. Goldiner, the treating source, in his letter

13   dated September 16, 2013, supplied to the Social Security

14   Appeals Council, at page 661 and 662 of the record.  It not

15   only endorses the findings of Dr. Gould that were rejected in

16   large part by the administrative law judge, but provides

17   specific reference to portions of the record, his treating

18   records to support that.  He also reiterates his opinion that

19   the plaintiff meets or medically equals the requirements of

20   listing 11.09(A).  The -- the case law is clear, at least

21   from this district, and from the Western District of

22   New York, that when new and material evidence, and I find

23   this to be new and material evidence, is submitted to the

24   Social Security Appeals Council, and it consists of opinions

25   from a treating source, the Appeals Council has the

1   obligation to make the same analysis that an administrative

2   law judge must, under the regulations and case law, and must

3   state specifically why the opinions are being rejected if

4   they are being rejected.

5           The cases that we've cited are in the briefs, *Judge*

6   *v. Commissioner of Social Security* from the Northern

7   District, *Beck v. Colvin* from the Western District of

8   New York, *Schramm v. Colvin* from the Western District of

9   New York, Judge Skretny, and *Rosas-Nazario* that I cited

10  earlier, and lastly *Flagg*, uniformly impose that requirement.

11  The requirement was clearly not met in this case, and that

12  alone provides a basis for reversal.

13          If I were looking at this without that flaw on the

14  merits, I would apply the deferential standard and my role

15  would be limited to determining whether the result is

16  supported by substantial evidence.  I agree with Mr. Kaiser,

17  that arguments can be made on both sides and that it is

18  ultimately the task of the court not to decide how the case

19  should have been decided by the administrative law judge, but

20  whether the ALJ's decision is supported by substantial

21  evidence.  I also think, however, that the -- there are flaws

22  in the record and that the RFC finding is not supported by

23  substantial evidence.  I don't think that the credibility

24  analysis was proper and complete and supported by substantial

25  evidence.  Dr. Puri's reference shows that there is decreased

1 strength in right extremities, there are other reports in the

2 record that show limitations in both the right upper and

3 right lower extremities.

4 I think there are a host of problems with the ALJ's

5 decision but the primary one of course is the Social Security

6 Appeals Council's decision. I do not find compelling basis

7 to conclude that the plaintiff is disabled. I think there's

8 strong evidence, a good argument to be made that she is based

9 on Dr. Goldiner's opinions concerning the listings and

10 concerning her limitations, but I'm not able to say

11 definitively that she is disabled and that the matter should

12 be remanded with a directed finding. So I will grant

13 judgment on the pleadings to the plaintiff but without a

14 directed finding of disability and remand the matter for

15 further consideration by the Commissioner.

16 I've appreciated the excellent arguments of both

17 parties, this presented some very interesting legal and

18 factual issues, and look forward to working with you again.

19 Thank you.

20 MR. BENSON: Thank you very much, your Honor.

21 MR. KAISER: Thank you.

22 (Proceedings Adjourned, 4:41 p.m.)

23

24

25

CERTIFICATE OF OFFICIAL REPORTER

     I, JODI L. HIBBARD, RPR, CRR, CSR, Federal
Official Realtime Court Reporter, in and for the
United States District Court for the Northern
District of New York, DO HEREBY CERTIFY that
pursuant to Section 753, Title 28, United States
Code, that the foregoing is a true and correct
transcript of the stenographically reported
proceedings held in the above-entitled matter and
that the transcript page format is in conformance
with the regulations of the Judicial Conference of
the United States.

                Dated this 19th day of November, 2015.


                /S/ JODI L. HIBBARD
                JODI L. HIBBARD, RPR, CRR, CSR
                Official U.S. Court Reporter

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25